UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER MICHAEL MORGAN,

Plaintiff,

-against-

WASHINGTON DC; JAMES KENNEDY; JOHN FREDERIC KENNEDY; JIMMY KENNEDY; JOHN DOE, JANE DOE, JIMMY KENNEDY'S WIFE,

Defendants.

26-CV-9002 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, who is currently detained at the Central New York Psychiatric Center, is appearing *pro se*. He brings this action asserting claims against former president John F. Kennedy and members of the Kennedy family. Plaintiff seeks surgery to remove wires and implants that he alleges are in his brain and to stop voices that he is hearing. He also seeks an order recognizing Martha Washington as a god in American culture. By Order dated October 20, 2026, ECF No. 5, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. As explained below, the Court dismisses the complaint, under 28 U.S.C. § 1915(e)(2)(B)(i), as frivolous.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, courts are obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

**BACKGROUND**

The following allegations are drawn from the complaint.[1] Plaintiff Christopher Michael Morgan alleges that he was "robbed for the 50 center idea" and that former president John F. Kennedy (whom he refers to as J.F.K.) signed something. (ECF 1 at 4.) At Port Jervis Hospital, Plaintiff saw a "50 center Kennedy coin on a laptop." (*Id.*) Plaintiff also refers to having been "cut out of mom" in a C-Section. (*Id.*) Plaintiff describes cremation boxes with ashes of George and Martha Washington and two children. (*Id.*)

Plaintiff sees strobe lights and hears voices while trying to sleep, including James Kennedy's voice. (*Id.* at 5.) Plaintiff seeks $3 billion and for Marth Washington to be a god in American culture. He sues "Washington D.C.", members of the Kennedy family, and John Doe.

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

## DISCUSSION

The IFP statute requires a court to dismiss a complaint, or any portion of a complaint, if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

Even when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint lacks an arguable basis either in fact or in law, *see Neitzke*, 490 U.S. at 324-35. Plaintiff's allegations are nonsensical. The Court is unable to identify (1) any legal basis for Plaintiff's claims, or (2) any legal theory on which Plaintiff may proceed. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## LEAVE TO AMEND IS DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).Plaintiff's complaint does not suggest that reframing of the complaint would cure the identified deficiencies. *See Gallop v Cheney*, 642 F.3d 364,369 (2d Cir. 2011) (holding that district court did not err in dismissing claim with prejudice in absence of any indication plaintiff

could or would provide additional allegations leading to different result). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: October 22, 2026
New York, New York

/s/ Kimba M. Wood

KIMBA M. WOOD
United States District Judge